O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

SEP 16 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MELINDA STANTON,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No. EDCV 07-1329 RNB

ORDER AFFIRMING DECISION OF COMMISSIONER

   The Court now rules as follows with respect to the four disputed issues listed in the Joint Stipulation.[1]

   With respect to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 5-8), the Court finds that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly consider the July 21, 1998 assessment by a clinician at the Riverside Department of Mental

---

[1]   As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

Health. (See AR 124-25). As the Commissioner points out, the identity of the medical source of that assessment is unclear. Moreover, even assuming arguendo that the assessment is entitled to the weight of a treating physician's opinion, the Ninth Circuit has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); see also Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings.").

With respect to Disputed Issue No. 2, for the reasons stated by the Commissioner (see Jt Stip at 10-11), the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly develop the record. The Court's own review of the additional treatment referenced by the ALJ (i.e., AR 257-75, 376-79) substantiates the ALJ's characterization of those notes as reflecting minimal mental health treatment. Further, the Court finds it significant in this regard that plaintiff has failed to specify any findings or opinions in the treatment notes in question that she is contending belie the ALJ's characterization.

With respect to Disputed Issue No. 3, for the reasons stated by the Commissioner (see Jt Stip at 13), the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly consider the type, dosage, and side effects of plaintiff's prescribed medications. Medication side effects must be medically documented in order to be considered. See Miller v. Heckler, 770 F.2d 845, 849 (1985). Here, the only documentation of medication side effects in the medical record cited by plaintiff is the notation in the Interdisciplinary Progress Notes dated October

14, 1998, that plaintiff had been on Prozac, but it made her feel worse, more tired and sleepy. (See AR 119). However, the same progress notes reflected that plaintiff was not currently on any medications and that the psychiatrist did not prescribe her Prozac, but rather a different antidepressant (Desipramine). (See id.). The subsequent chart note, dated November 2, 1998, indicated that plaintiff was not experiencing any side effects and that she was tolerating the medication well. (See AR 118). At her November 30, 1998 appointment, plaintiff did report experiencing dry mouth. (See AR 117). It appears that she subsequently stopped taking that medication due to side effects. (See AR 114). However, after plaintiff was then placed on Wellbutrin in January 1999, she reported no side effects from her medications. (See AR 112, 113, 143, 144, 150, 152, 267, 273, 275). It appears that there was a medication change in early 2001 due to medical issues, but subsequent psychiatric chart notes did not reveal any side effects problems. (See AR 258, 259, 262, 265). Thus, there were no documented medication side effects in the medical record that the ALJ should have considered, but failed to consider.

Finally, with respect to Disputed Issue No. 4, the Court finds that reversal is not warranted based on the ALJ's alleged selective misrepresentation of the record regarding the MMPI and Dr. Lee's opinion. The Court concurs with the Commissioner that the ALJ reasonably interpreted the MMPI and Dr. Lee's opinion. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (where the ALJ's interpretation of the evidence is reasonable, it should be upheld, even when the evidence is susceptible to more than one reasonable interpretation); Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984) (where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld).

*******************

//
//
//

1  IT THEREFORE IS ORDERED that Judgment be entered affirming the
2  decision of the Commissioner and dismissing this action with prejudice.
3
4  DATED: September 15, 2008
5
6                                                         _____
7                                                         ROBERT N. BLOCK
                                                          UNITED STATES MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28